ANTOON JAGER, PLAINTIFF, v. ISIDORE BRESLOW AND SAMUEL BRESLOW, TRADING AS BRESLOW BROTHERS, ET AL., DEFENDANTS.

Submitted May term, 1931—Decided October 7, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the rule, *Feder & Rinzler* and *Samuel Koestler.*

*Contra, Peter Hofstra.*

PER CURIAM.

This is a rule to set aside service of process. The depositions taken under the rule disclose that the defendant Arnesto Paint Company, Incorporated, is a manufacturing corporation, organized under the laws of New York. In the marketing of its product in New Jersey it employed one Seiler as its agent, who was authorized to take orders, but not to make contracts. When orders were received they were either accepted or rejected by the company's officers in New York. Process was served on Seiler.

The statute under which the writ was served provides that "process may be served upon any officer, director, * * * of such corporation * * * or by leaving a copy at the office, depot or usual place of business of such foreign corporation; provided that in case there is no officer, * * * residing in this state, nor any office, depot or usual place of business in this state, process may be served on any motorman, conductor or servant of said corporation while in the discharge of his duties."

The act has been construed by this court and held to authorize service only against corporations doing business in this state. *Carrol* v. *New York, New Haven and Hartford Railroad Co.,* 65 *N. J. L.* 124. Merely taking orders in this state, subject to acceptance or rejection in another state is not doing business in the state within the meaning of our corporation laws. *Wood & Selick, Incorporated,* v. *American Grocery Co.,* 96 *Id.* 218.

The facts, as shown by the depositions, disclose that the defendant was not doing business in this state and the service upon its salesman was, for this reason, illegal and will be set aside.