JERRY G. WOLFER, BY HIS NEXT FRIEND, ET AL., PLAIN-
TIFFS, v. LIT BROTHERS, A CORPORATION, DEFEND-
ANT.

Argued May 14, 1946—Decided January 31, 1947.

Before Justice DONGES.

For the rule, *Samuel P. Orlando.*

*Contra, Leighton J. Heller.*

DONGES, J.   A rule to show cause was allowed to determine the validity of service of a summons in an action in tort.

The defendant is a foreign corporation having its principal place of business in Philadelphia, Pennsylvania, where the cause of action is claimed to have arisen, on July 24th, 1942. On March 14th, 1946, plaintiffs instituted suit in this court, and, on March 15th. 1946, service of the summons and complaint was made on one Corinne E. Pollock, who testified that she is an employee of defendant corporation engaged in telephone work in Atlantic City; that her work is to receive telephone orders from persons living in Atlantic City and vicinity at her private apartment in Atlantic City, and transmit them to defendant corporation in Philadelphia, where they are accepted or rejected.   She has no authority to accept or reject the orders.   If accepted, orders are delivered to the parties, upon collection of the amount due therefor, or charged to accounts in Philadelphia.

It is argued that the provisions of *R. S.* 2 :26–44 do not sustain service of process in this case. The first paragraph provides for service on any officer, director, agent, clerk or engineer, ticket or freight agent of the corporation, or at its office, depot or usual place of business in this state. Plaintiffs argue that the second paragraph of said section applies. This reads:

"If there are none of the above-named persons resident within this state, and if there is no office, depot or place of business within this state, the process may be served on any motorman, conductor or servant of the corporation within this state and acting in the discharge of his duties."

It has repeatedly been held that this provision of the statute applies only when the corporation is held to be doing business in this state. *Jager* v. *Breslow,* 9 *N. J. Mis. R.* 1069; 156 *Atl. Rep.* 493; *Manhattan Overseas Co.* v. *Camden County Beverage Co.,* 125 *N. J. L.* 239; 15 *Atl. Rep.* (2d) 217; *affirmed,* 126 *N. J. L.* 421; 19 *Atl. Rep.* (2d) 828; *Wood & Selick, Inc.,* v. *American Grocery Co.,* 96 *N. J. L.* 218; 114 *Atl. Rep.* 756.

Plaintiffs rely upon *Weiss* v. *Shapiro Candy Manufacturing Co., Inc.,* 124 *N. J. L.* 534; *affirmed,* 126 *Id.* 71, but, in that case, it clearly appeared that the person served did come within the statute. In that case, Chief Justice Case speaking for the Court of Errors and Appeals, said:

"A person may be an agent of a foreign corporation, *Giovannini* v. *Hartford Accident, &c., Co.,* 120 *N. J. L.* 580, a field salesman, *Seeman Brothers, Inc.,* v. *Goldberger,* 12 *N. J. Mis. R.* 170, or a servant, *I. Rokeach & Sons, Inc.,* v. *John Krichman et al.,* 125 *N. J. L.* 477, and yet not be subject to service of process against the corporation." In that case it appeared that the corporation did business within this state, by reason of the fact that Lazar, upon whom service was made, "visits the trade, negotiates and closes contracts within the state and adjusts subsequent disputes."

I conclude, therefore, that the depositions disclose that defendant was not doing business in this state and that the service made was not valid and will be set aside.